IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CATHLEEN E. ROHMER,                    No.  CIV.S-04-2230 DAD

      Plaintiff,

  v.                                     ORDER

JO ANNE B. BARNHART,
Commissioner of Social
Security,

      Defendant.
_____/

     This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and/or remand and defendant's cross-motion for summary judgment.  For the reasons explained below, the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

**PROCEDURAL BACKGROUND**

     Plaintiff Cathleen Elizabeth Rohmer applied for Supplemental Security Income under Title XVI of the Social Security Act (the "Act").  (Transcript ("Tr.") at 55-58.)  The Commissioner

1

denied plaintiff's application initially and on reconsideration. (Tr. at 40-43, 46-50.) Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on February 26, 2004, at which time plaintiff was represented by counsel. (Tr. at 293-321.) In a decision issued on April 29, 2004, the ALJ determined that plaintiff was not disabled. (Tr. at 19-31.) The ALJ entered the following findings in this regard:

> 1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 2. The claimant's fibromyalgia, post-polio syndrome, thoracic outlet syndrome, degenerative joint disease, headaches, and obesity are considered "severe" based on the requirements in the Regulations 20 CFR § 416.920(b).
>
> 3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 4. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 5. The claimant has the residual functional capacity to perform sedentary work which allows for a "sit/stand" option. She requires a well-ventilated environment. She experiences a 20% reduction for fine manipulation.
>
> 6. The claimant is unable to perform any of her past relevant work (20 CFR § 416.965).
>
> 7. The claimant is an "individual of advanced age" (20 CFR § 416.963).

2

>       8.  The claimant has a college education
>           (20 CFR § 416.964).
>
>       9.  The claimant has transferable skills
>           from skilled work previously performed
>           as described in the body of the
>           decision (20 CFR § 416.968).
>
>      10.  Although the claimant's non-exertional
>           limitations do not allow her to perform
>           the full range of sedentary work, using
>           Medical-Vocational Rule 201.07 as a
>           framework for decision-making, there
>           are a significant number of jobs in the
>           national economy that she could
>           perform.  Examples of such jobs include
>           work as a telephone solicitor, a travel
>           agent and a time keeper.
>
>      11.  The claimant was not under a
>           "disability," as defined in the Social
>           Security Act, at any time through the
>           date of this decision (20 CFR §
>           416.920(f)).

(Tr. at 30-31.)  The ALJ's decision became the final decision of the Administration when the Appeals Council declined review on September 18, 2004.  (Tr. at 6-9.)  Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the complaint in this action on October 20, 2004.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive.  See Miller v. Heckler, 770

3

1  F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such relevant
2  evidence as a reasonable mind might accept as adequate to support a
3  conclusion.  Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993,
4  995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401
5  (1971)).

6      A reviewing court must consider the record as a whole,
7  weighing both the evidence that supports and the evidence that
8  detracts from the ALJ's conclusion.  See Jones, 760 F.2d at 995.  The
9  court may not affirm the ALJ's decision simply by isolating a
10 specific quantum of supporting evidence.  Id.; see also Hammock v.
11 Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence
12 supports the administrative findings, or if there is conflicting
13 evidence supporting a finding of either disability or nondisability,
14 the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d
15 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an
16 improper legal standard was applied in weighing the evidence, see
17 Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

18     In determining whether or not a claimant is disabled, the
19 ALJ should apply the five-step sequential evaluation process
20 established under Title 20 of the Code of Federal Regulations,
21 Sections 404.1520 and 416.920.  See Bowen v. Yuckert, 482 U.S. 137,
22 140-42 (1987).  This five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial
> gainful activity?  If so, the claimant is found
> not disabled.  If not, proceed to step two.

25 /////
26 /////

4

>Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
>Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is conclusively presumed disabled. If not, proceed to step four.
>
>Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
>Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995). The claimant bears the burden of proof in the first four steps of the sequential evaluation. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff advances five arguments in her motion for summary judgment. First, plaintiff asserts that the ALJ erred at step two of the sequential evaluation process in not finding her to have a "severe" mental impairment. Second, plaintiff argues that her credibility was not properly assessed. Third, plaintiff contends that substantial evidence does not support the finding that she has the residual functional capacity to perform sedentary work. Fourth, plaintiff maintains that the opinion of her treating physician was not given adequate weight. Fifth, plaintiff argues the Appeals Council erred in denying her request for review based on the

5

submission of new evidence.  The court addresses these arguments below.

Beginning with plaintiff's first argument, it is well-established that at step two of the sequential evaluation the ALJ must determine if the claimant has a medically severe impairment or combination of impairments.  Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at 140-41).  The purpose of step two of the sequential evaluation is merely to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account.  Yuckert, 482 U.S. at 153.  "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'"  Smolen, 80 F.3d at 1290 (citations omitted).  See also 20 C.F.R. §§ 404.1521(a), 416.921(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.").  It has been recognized that the step-two inquiry is but "a de minimis screening device to dispose of groundless claims."  Smolen, 80 F.3d at 1290 (citing Yuckert, 482 U.S. at 153-54).  See also Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001).

Plaintiff's challenge to the ALJ's step two analysis lacks merit.  As the ALJ correctly observed, while plaintiff has been diagnosed with depression, for which she has sought counseling and taken medication, examining psychiatrist Thomas J. Andrews, M.D.

6

assessed virtually no functional limitations related to plaintiff's alleged mental impairment.  The only arguable limitation noted in this regard was that plaintiff has "some tendency towards being somewhat flamboyant and opinionated in her comments about the job[.]"  (Tr. at 193.)  Examining psychologist Kitt Murrison, Ph.D. also assessed no functional limitations upon plaintiff.  (Tr. at 226.)  The non-examining physicians assessed plaintiff as having mild or not significant symptoms in nearly every function they assessed, finding her moderately limited only with respect to maintaining social functioning and responding to criticism.  (Tr. at 247, 251-52.)  Finally, the psychotherapy notes submitted to the Appeals Council failed to suggest that plaintiff is significantly limited by her depression.  (Tr. at 289-91.)

       The medical records addressed above amount to substantial evidence supporting the ALJ's determination at step two of the sequential evaluation that plaintiff does not suffer from a severe mental impairment.  The record as a whole demonstrates that plaintiff's depression has no more than a minimal effect on her ability to work.  Plaintiff's argument to the contrary is rejected.

       Turning to plaintiff's credibility argument, it is well-established that the determination of credibility is a function of the ALJ, acting on behalf of the Commissioner.  See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  An ALJ's assessment of credibility should, in general, be given great weight.  Nyman v. Heckler, 779 F.2d 528, 530-31 (9th Cir. 1985).  Thus, questions of credibility and resolution of conflicts in the testimony are functions solely of the

1 Commissioner.  Morgan, 169 F.3d at 599.  In evaluating a claimant's
2 subjective testimony regarding pain and the severity of his or her
3 symptoms an ALJ may consider the presence or absence of supporting
4 objective medical evidence along with other factors.  See Bunnell v.
5 Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Smolen, 80 F.3d
6 at 1285.  Ordinary techniques of credibility evaluation may be
7 employed, and the adjudicator may take into account prior
8 inconsistent statements or a lack of candor by the witness.  See Fair
9 v. Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989)

10          Nonetheless, an ALJ's rejection of a claimant's testimony
11 must be supported by specific findings.  Morgan, 169 F.3d at 599;
12 Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir. 1993)(citing Miller,
13 770 F.2d at 848).  Once a claimant has presented evidence of an
14 underlying impairment, the ALJ may not discredit the claimant's
15 testimony as to the severity of his or her symptoms merely because
16 the testimony is unsupported by objective medical evidence.  Reddick
17 v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Light v. Chater, 119
18 F.3d 789, 792 (9th Cir. 1997).  Rather, "the ALJ can reject the
19 claimant's testimony about the severity of [his or] her symptoms only
20 by offering specific, clear and convincing reasons for doing so."
21 Light, 119 F.3d at 792.  See also Reddick, 157 F.3d at 722.

22          Here, plaintiff's medical records document conditions which
23 might reasonably be expected to cause the symptoms alleged by
24 plaintiff.  However, while plaintiff claims that she is totally
25 unable to work due to the severity of her symptoms stemming from
26 these conditions, the ALJ made specific and detailed findings in not

8

1  fully crediting plaintiff's testimony in this regard.  In particular,
2  the ALJ explained as follows:

> In assessing the claimant's credibility, the Administrative Law Judge has utilized the criteria of 20 CFR 416.929 and Social Security Ruling 96-7p which provides for the assessment of subjective symptomatology.  The record shows that the claimant alleges disabling problems with thoracic outlet syndrome, headaches, arm and hand numbness, fibromyalgia, and post-polio problems.  Despite a history of childhood polio, radiological findings have been largely unremarkable except for mild-moderate arthritic changes.  Although she was subject to thoracic outlet syndrome in 1991, she has improved greatly.  Similarly, arthroscopic surgery has vastly improved her problems with her right knee.  The claimant was well able to return to college in 1991 at the age of 46 and persevered to receive her B.A. in 1997.  The claimant's physical state is significantly compromised, however, by her obesity which she has failed to address despite recommendations by various practitioners.  The claimant also reported that she experiences significant mental limitations due to depression.  However, upon psychiatric evaluation, there were no areas of more than slight impairment due to depression and no documentation as to continuing counseling sessions or therapies in this regard.  The claimant was described as flamboyant and opinionated.  Moreover, the claimant, herself, also noted that her depression was directly related to her unemployed status.  The Administrative Law Judge finds that the claimant's allegations are not credible and that they do not restrict her ability to perform work-related activities (20 CFR 416.929 and SSR 96-7p).

(Tr. at 28.)

The ALJ accurately characterized the record and sufficiently stated specific, clear and convincing reasons for not fully crediting plaintiff's testimony regarding the severity of her
/////

9

symptoms.  See Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998).  Therefore, plaintiff's argument to the contrary is rejected.[1]

Next, plaintiff argues that substantial evidence does not support the finding that she has the residual functional capacity to perform sedentary work on a sustained basis.  This argument is premised on plaintiff's assertion that her alleged mental impairment would frequently interrupt her ability to perform work.  However, as explained above, substantial evidence supports the ALJ's finding that plaintiff's depression has no more than a minimal effect on her ability to work.  Therefore, the court finds plaintiff's argument regarding the residual functional capacity determination to lack merit.[2]

---

[1] Admittedly, the ALJ may have somewhat overstated the evidence with respect to plaintiff's knees, which cause plaintiff some pain. (Tr. at 278.)  However, it is worth noting that the ALJ did not totally reject plaintiff's subjective complaints.  Rather, the ALJ found plaintiff to be limited to sedentary work and thus obviously credited her complaints of pain to some extent.

[2] The court is aware, as plaintiff argues in her reply, the regulations advise claimants that "we will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity."  20 C.F.R. §§ 404.1545(e), 416.945(e).  Social Security Ruling (SSR) 96-8p similarly states:

> [i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment may not significantly limit an individual's ability to do basic work activities, it may--when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim.

Celaya v. Halter, 332 F.3d 1177, 1182 (9th Cir. 2003)(quoting SSR 96-8p).  However, this is not one of those rare situations where a

1    Plaintiff next contends that the ALJ failed to give
2 adequate weight to the opinion of Nirmal S. Mehton, M.D., plaintiff's
3 treating physician.  (Tr. at 255-76, 285-86.)  It is well-established
4 that the medical opinion of a treating physician is entitled to
5 special weight.  See Fair, 885 F.2d at 604; Embrey v. Bowen, 849 F.2d
6 418, 421 (9th Cir. 1988).  "As a general rule, more weight should be
7 given to the opinion of a treating source than to the opinion of
8 doctors who do not treat the claimant."  Lester, 81 F.3d at 830
9 (citing Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987)).  "At
10 least where the treating doctor's opinion is not contradicted by
11 another doctor, it may be rejected only for 'clear and convincing'
12 reasons."  Id. (citing Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th
13 Cir. 1991)).  "Even if the treating doctor's opinion is contradicted
14 by another doctor, the Commissioner may not reject this opinion
15 without providing 'specific and legitimate reasons' supported by
16 substantial evidence in the record for so doing."  Id. (citing Murray
17 v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983)).

18    Dr. Mehton completed a state Department of Social Services
19 form indicating that plaintiff's numerous impairments "substantially
20 reduce[]" her ability to engage in work.  (Tr. at 285-86.)  However,
21 the ALJ adequately distinguished Dr. Mehton's opinion.  (Tr. at 26-
22 27.)  Among other things, the ALJ noted that while Dr. Mehton's

---

claimant's non-severe mental impairment is the determining factor
between non-disability and disability.  See Burch v. Barnhart, 400
F.3d 676, 6823-84 (9th Cir. 2005).  Substantial evidence supports the
ALJ's decision not to include any limitations associated with
plaintiff's depression in his residual functional capacity
determination.

11

primary diagnosis was "post-polio syndrome," the record is unclear as to whether plaintiff even had polio, which in any event appears to have been at worst a mild form of polio experienced many years ago. (Tr. at 184.)  The ALJ also accurately noted that "radiological findings support only mild-moderate degenerative arthritic changes" and that "[e]ven Dr. Mehton found that pain symptomatology was uncertain although recurrent."  (Tr. at 26-27.)  In discounting the opinion of Dr. Mehton, the ALJ also relied on the opinion of examining internist Rex D. Wilson, M.D., who found plaintiff able to lift 20 pounds occasionally; lift 10 pounds frequently; and stand, walk and sit for at least six hours in an eight-hour work day, limitations which Dr. Wilson attributed solely based upon plaintiff's subjective complaints.[3]  (Tr. at 187.)  It is noteworthy that Dr. Wilson is an internist whereas Dr. Mehton is a family practitioner. See 20 C.F.R. § 416.927(d)(5) ("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist").  For these reasons, the court finds that the ALJ properly distinguished the opinion of Dr. Mehton based on specific
/////

---

[3] Plaintiff accurately points out that Dr. Wilson did not review a certain CT scan in connection with his examination, plaintiff having undergone the right knee CT scan in question the month after her visit with Dr. Wilson. (Tr. at 196.)  However, a non-examining state agency physician who later reviewed plaintiff's case did review that CT scan and similarly found plaintiff capable of light work.  (Tr. at 227-28, 229-36.)  Therefore, the court is not persuaded by plaintiff's assertion that Dr. Wilson's opinion is undermined by the fact that he did not review the CT scan with respect to plaintiff's right knee.

and legitimate reasons supported by substantial evidence in the record.

Plaintiff's final argument concerns evidence submitted to the Appeals Council. After the ALJ found plaintiff not disabled, she sought review from the Appeals Council and submitted new evidence. The new medical evidence consisted of the following: (1) a medical report from Dr. Mehton dated January 28, 2004 (Tr. at 287); (2) medical records from Shasta County Behavioral Health covering the period November 7, 2001 to May 16, 2003 (Tr. at 288-91); and (3) a letter from plaintiff's former employer dated February 3, 2003. (Tr. at 292).

The Appeals Council denied plaintiff's request for review, explaining that it "found no reason under our rules to review the Administrative Law Judge's decision." (Tr. at 6.) With respect to the new evidence, the Appeals Council explained that it considered the evidence but found that it "provides no basis for changing the Administrative Law Judge's decision." (Tr. at 7.) Plaintiff argues that the Appeals Council erred in failing to reverse the ALJ's decision based upon the new evidence. That argument is unpersuasive.

With respect to the consideration of new evidence, the regulations provide that "if new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. §§ 404.970(b), 416.1470(b). Thus, when a claimant seeks review based on evidence not presented to the ALJ, the Appeals Council must conduct such review when the

1   submitted evidence is (1) new, (2) material and (3) relates to the
2   period on or before the date of the ALJ's hearing decision.  See
3   Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993) (citing 20
4   C.F.R. § 404.970(b)); Bates v. Sullivan, 894 F.2d 1059, 1064 (9th
5   Cir. 1990), overruled on other grounds, Bunnell v. Sullivan, 947 F.2d
6   341, 342 (9th Cir. 1991) (en banc).

7        In this case, the records listed above were new in that
8   they had not been prepared at the time of the administrative hearing
9   and had not been provided to the ALJ.  The new evidence also related
10  to the period on or before the date of the ALJ's hearing decision.
11  The records all pre-date the ALJ's decision dated April 29, 2004 and
12  pertain to the relevant time period.

13       However, the Appeals Council apparently concluded that this
14  new evidence was not material when it stated that the evidence
15  provided no basis for changing the ALJ's decision.  See Booz v. Sec'y
16  of Health & Human Servs., 734 F.2d 1378, 1380-81 (9th Cir. 1984) (new
17  evidence is material when there is a "reasonable possibility" that
18  the evidence would have changed the outcome of the case).  The court
19  agrees with the determination of the Appeals Council in this regard.

20       The new evidence from Dr. Mehton consists of another state
21  Department of Social Services form indicating that plaintiff's
22  numerous impairments "substantially reduce[]" her ability to engage
23  in work.  (Tr. at 287.)  That new form is dated January 28, 2004.
24  (Id.)  However, it reflects virtually the same information as the
25  same form completed by Dr. Mehton on August 27, 2003, which was
26  before the ALJ.  (Tr. at 285.)  Since the more recent form is not

14

materially different than the earlier one, there is no reasonable possibility that the ALJ would have granted plaintiff's applications had he been presented with the more recent version.

Nor would the new psychotherapy notes have changed the ALJ's decision.  The court recognizes that the submission of those notes to the Appeals Council addresses the ALJ's observation that there was "no documentation as to continuing counseling sessions." (Tr. at 28.)  However, the notes from Shasta County Behavioral Health are largely unremarkable.  The three pages of notes reflect four 60-minute therapy sessions over a period of about eighteen months.  The notes contain the following remarks, which are indicative of their overall tone: "stress," "some depression symptoms," "financial issues are a major stressor," "vents about family and chronic pain," "tearful around conflict with daughter," "discussing what she believes about herself based on emotional abuse by her former husband," and "she talked primarily [about] frustration with SSI." (Tr. at 289-91.)  Thus, while the notes reflect that plaintiff sought counseling regarding some serious issues that troubled her, they do not document a severe mental condition which would have significantly limited plaintiff's ability to work.  These notes would not have changed the outcome of the administrative proceedings had they been presented to the ALJ.

Finally, the letter from plaintiff's former employer, a law office which employed plaintiff as a trial assistant/file clerk, also provides limited insight.  In sum, the letter indicates that plaintiff was terminated from that job because she did not take

15

initiative, was a "poor team player," avoided and ignored certain work duties, and failed to grasp the offices system for managing files.  (Tr. at 292.)  Thus, while the letter from plaintiff's former employer suggests plaintiff was a poor employee, it has little evidentiary value with respect to whether plaintiff is physically and/or mentally disabled for social security purposes.  Therefore, this letter is not material.

For all of these reasons, plaintiff's argument that the Appeals Council erred in failing to reverse the ALJ's decision in light of the submission of new evidence is rejected.

**CONCLUSION**

In conclusion, the court has seriously considered plaintiff's well-intentioned arguments.  However, it must be noted that the court's scope of review of decisions granting or denying Social Security disability is more limited than plaintiff suggests. See Hall v. Sec'y of Health, Educ. & Welfare, 602 F.2d 1372, 1374 (9th Cir. 1979) ("Congress has mandated a very limited scope of judicial review of the Secretary's decisions granting or denying Social Security disability benefits.")  It is not the court's role to re-weigh the evidence or substitute its own judgment for the Commissioner's.  Winans, 853 F.2d at 644-45.  Moreover, if there is conflicting evidence supporting a finding of either disability or nondisability, the ALJ may resolve the conflict so long as there is "more than one rational interpretation of the evidence."  Sprague, 812 F.2d at 1229-30.  The court finds the ALJ's interpretation of the evidence in this case to be a rational one.  See Matney on Behalf of

Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992)("The trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment and/or remand is denied;

2. Defendant's cross-motion for summary judgment is granted; and

3. The decision of the Commissioner is affirmed.

DATED: March 28, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.socsec\rhomer2230.order

17